*Court of  Common Pleas, Dauphin County, December 18th,* 1857.

STROHECKER *v.* BUFFINGTON.

When property is levied upon and sold by the sheriff, the costs of sale must be paid in preference to any lien.

The benefit of the three hundred dollar exemption law can only be claimed against judgments in actions founded on contracts; when a person brings a suit, and is ordered to pay the costs, he cannot take advantage of its exemption.


BY THE COURT.—The first question we shall consider is as to the payment of the costs of the sale of Strohecker's property.  A *fi. fa.* issued on Buffington's judgment, and levy was made on his real property.    A *vend. ex.* issued, and was stayed.    An *alias vend. ex.* issued to the following term.    Whilst that writ was in the hands of the sheriff, a *fi. fa.* issued on the judgment of Know, which was the oldest lien ; inquisition was waived, and the property advertised on both writs.    The sheriff returned the sale on the *alias vend. ex.* in favor of Buffington, which was his proper course, as that writ came first to his hands.    The necessary costs of selling must be paid in preference to the oldest lien, as according to adjudged cases, those costs are preferred.    They must be incurred before the elder judgment creditor can dispose of the property ; consequently he is no loser.    Therefore, it is ordered that the prothonotary's and sheriff's costs on the *fi. fa.* and *alias vend. ex.* shall be first paid.    The *vend. ex.* which was stayed by

[Strohecker *v.* Buffington.]

the plaintiff has no claim in preference to the older lien. The waiver of the claim of the three hundred dollars under the act of April 8th, 1849, when made in favor of the oldest lien, as in this case, will not enable a prior judgment to sell that portion of the estate, or claim the money (1 Ca. 116); although a waiver in favor of a younger lien might have that effect (Bowyer's Appeal, 9 H. 210). It appears probable, however, that the intention of the court in the later case was to overrule the earlier one, yet by the distinction mentioned they can be reconciled. The most important question in the present case is, whether the defendant can claim the exemption against the judgment in favor of Buffington for costs. A suit was brought by Strohecker, and a decision made in favor of the latter, which carried costs, amounting as taxed to $145.18. Does this come within the provisions of the act? The first section of the act of April 9th, 1849, exempting three hundred dollars' worth of property from sale on execution, declares, "That in lieu of the property now exempt by law from levy and sale on execution issued on any judgment obtained upon *contract* and distress for rent, property to the value of three hundred dollars, exclusive of all wearing apparel of the defendant and his family, and all bibles and schoolbooks in the use of the family (which shall remain as heretofore) and no more, owned by, or in possession of any debtor, shall be exempt from levy and sale on execution, or by distress for rent." This section clearly applies to cases of executions issued on judgments founded on *contracts*, and none other. It is rather obscurely worded, and not a little tautologous; yet it speaks expressly of judgments obtained on contracts. Light is thrown upon its meaning by the last section, which provides that "the act shall not take effect until the 4th day of July next, and shall apply only to *debts contracted* on and after that date." It is manifest that the legislature intended the benefit should only apply to cases of contract, leaving judgments entered for costs to stand as heretofore, and the party to claim the exemption of the former statutes in such cases. This appears to be perfectly fair and just. When a much larger amount of property was about to be exempt from execution, embracing real estate as well as personal—the former always having been subject to levy and sale under former laws—that it should be applied to cases of contract only, and should take effect on such alone as should be subsequently contracted, leaving men to guard their rights in giving credit. The act in question, applying to cases of contract only, will not protect Strohecker's real estate from sale for costs incurred by him as a plaintiff in court. Buffington never contracted with him, by which the debt was incurred; it was without his consent and against his will, and could no more be considered as a judgment founded on a contract, than could an action of trespass or trover for carrying off goods.

[Swiler *v.* Casey.]

Therefore, we are of the opinion that Strohecker has no claim for exemption from this judgment, and that the money in court must be awarded to Buffington, after paying off the older lien and all the costs in the case.    This opinion must not be considered as applying to a judgment rendered against a *defendant* for costs in a suit founded on contract, as the person knows that in collecting his debt costs may be incurred.    We also abstain from deciding whether the defendant in the execution, after taking a portion of the exemption in personal effects, can claim the residue out of money raised from the sale of real estate.    It is quite probable that he can, where the goods prove insufficient in value.    It is ordered and decreed that the money in court, after paying off the debt and costs in No. 215, January Term, 1856, shall be applied to the payment of judgment No. 21, April Term, 1856, and if anything remain, that it be paid to Strohecker.